1

2                                              2007 MAY 24  PM 2: 47

3                                              CLERK U.S. DISTRICT COURT
                                               CENTRAL DIST. OF CALIF.
4
                                               BY_____
5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        October 2006 Grand Jury

11  UNITED STATES OF AMERICA,        )    CR 0**7-00449**
                                     )
12                  Plaintiff,       )    I N D I C T M E N T
                                     )
13            v.                     )    [18 U.S.C. § 371: Conspiracy;
                                     )    16 U.S.C. §§ 3372(d),
14  VIRGINIA STAR SEAFOOD            )    3373(d)(3)(A): False Labeling;
    CORPORATION,                     )    18 U.S.C. § 542: False Entry
15  INTERNATIONAL SEA PRODUCTS       )    Declaration; 18 U.S.C. § 545:
    CORPORATION,                     )    Importation Contrary to Law;
16  SILVER SEAS COMPANY,             )    18 U.S.C. § 545: Trafficking
    BLUE OCEAN SEAFOOD               )    in Illegally Imported
17  CORPORATION,                     )    Merchandise; 18 U.S.C. § 2(b):
    NHAN HUHN DAT (aka Henry)        )    Causing an Act to be Done; 16
18  NGUYEN,                          )    U.S.C. § 1540(e)(4)(A), 18
    PETER (aka KIET) XUONG LAM,      )    U.S.C. §§ 981(a)(1)(C),
19  ARTHUR YAVELBURG,                )    982(a)(2)(B) & (b)(1):
    CANTHO ANIMAL FISHERY            )    Forfeiture of Illegally
20  PRODUCTS PROCESSING              )    Imported and Falsely Labeled
    ENTERPRISE aka CAFATEX,          )    Fish]
21  ANHACO,                          )
    AN GIANG AGRICULTURAL            )
22  TECHNOLOGY SERVICE COMPANY       )
    aka ANTESCO,                     )
23  BINH DINH IMPORT EXPORT          )
    COMPANY,                         )
24  DAVID S. WONG,                   )
    TRUE WORLD FOODS INC.,           )
25  TAI WAI DAVID CHU,               )
    DAKON INTERNATIONAL,             )
26  HENRY C.D. YIP, and              )
    T.P. COMPANY,                    )
27                                   )
                    Defendants.      )
28  _____)

1    The Grand Jury charges:

2                    INTRODUCTORY ALLEGATIONS

3    At all times relevant to this Indictment:

4    A.    THE DEFENDANTS

5         1.    VIRGINIA STAR SEAFOOD CORPORATION ("VIRGINIA STAR"),
6    BLUE OCEAN SEAFOOD CORPORATION ("BLUE OCEAN"), INTERNATIONAL SEA
7    PRODUCTS CORPORATION ("ISP"), and SILVER SEAS COMPANY ("SILVER
8    SEAS") were Virginia corporations engaged in the business of
9    importing, into and through the Central District of California
10   and elsewhere, and reselling, seafood, including frozen fillets
11   of fish commonly called Vietnamese catfish.

12        2.    VIRGINIA STAR's principal office address as of October
13   28, 2004, was 11228 Wilburn Drive, Fairfax, Virginia.    BLUE
14   OCEAN's office addresses as of August 27, 2004, were both 11228
15   Wilburn Drive, Fairfax, Virginia, and 9485 Silver King Court,
16   Fairfax, Virginia.  ISP's principal office address as of May 5,
17   2004, was 8665 Center Road, Springfield, Virginia.  SILVER SEAS'
18   principal office address as of February 2, 2005, was 6330 Little
19   Ox Road, Fairfax Station, Virginia.

20        3.    VIRGINIA STAR, BLUE OCEAN, ISP, and SILVER SEAS all did
21   business out of 9485 Silver King Court, Fairfax, Virginia.

22        4.    NHAN HUHN DAT (aka HENRY) NGUYEN ("NGUYEN") was the
23   President and a Director of BLUE OCEAN, an employee of VIRGINIA
24   STAR, and, as of approximately February 11, 2005, the Director of
25   SILVER SEAS.  NGUYEN was a citizen of Vietnam and a resident of
26   Virginia.

27        5.    PETER (aka KIET) XUONG LAM ("LAM") was, as of
28   approximately October 2004, the President and a Director of

                               2

1 | VIRGINIA STAR, a salesperson for BLUE OCEAN, and, as of
2 | approximately February 2005, a salesperson for SILVER SEAS.  LAM
3 | was a resident of Virginia.

4 |     6.  ARTHUR YAVELBERG ("YAVELBERG") was, as of approximately
5 | February 2005, acting as the President of and a salesperson for
6 | SILVER SEAS and was a resident of Virginia.

7 |     7.  CANTHO ANIMAL FISHERY PRODUCTS PROCESSING EXPORT
8 | ENTERPRISE (aka CAFATEX) ("CAFATEX"), was a seafood company
9 | located in Vietnam.  The Director of CAFATEX was NGUYEN's father.

10 |     8.  CAFATEX, one of the leading companies exporting
11 | Vietnamese catfish into the United States, exported Vietnamese
12 | catfish directly to BLUE OCEAN, and indirectly to VIRGINIA STAR
13 | and ISP, through Vietnamese export companies including ANHACO, AN
14 | GIANG AGRICULTURAL TECHNOLOGY SERVICE COMPANY, a/k/a ANTESCO
15 | ("ANTESCO") and BINH DINH IMPORT EXPORT COMPANY ("BINH DINH").

16 |     9.  DAVID S. WONG ("WONG") was a resident of Illinois and
17 | Vice-President of Purchasing at TRUE WORLD FOODS INC. ("TRUE
18 | WORLD"), a seafood business incorporated in New York.  WONG was
19 | in charge of, among other things, purchases of frozen fish
20 | fillets from VIRGINIA STAR and BLUE OCEAN through LAM.

21 |     10.  TAI WAI DAVID CHU ("CHU") was a resident of California
22 | and the owner and President of DAKON INTERNATIONAL, a wholesale
23 | business selling food, including seafood, that was incorporated
24 | in California.  CHU was in charge of, among other things,
25 | purchases of frozen fish fillets from BLUE OCEAN through NGUYEN.

26 |     11.  HENRY C.D. YIP ("YIP") was a resident of California and
27 | the president of T.P. COMPANY, a wholesale fish business
28 | incorporated in California.  YIP was in charge of, among other

1  things, purchases of frozen fish fillets from BLUE OCEAN through

2  NGUYEN.

3  B.  VIETNAMESE CATFISH AND ANTI-DUMPING DUTIES

4      1.    Anti-dumping duties are intended to help U.S. companies

5  compete with foreign industry and to counter international price

6  discrimination that results in injury to U.S. industries from

7  dumping.  Dumping occurs when a foreign firm sells merchandise in

8  the U.S. market at a price lower than the price it charges for a

9  comparable product sold in its home market.

10     2.    An anti-dumping duty order is a formal determination

11 issued by the U.S. Department of Commerce ("Commerce") that

12 duties should be collected on imports of a particular product

13 from a particular country.

14     3.    On June 28, 2002, a petition was filed alleging that

15 imports of certain frozen fish fillets from Vietnam were being

16 sold in the U.S. at less than fair market value.  On July 18,

17 2002, Commerce initiated an investigation of the allegations

18 contained in the petition.

19     4.    On August 12, 2003, Commerce issued a final anti-

20 dumping order, effective January 31, 2003.  The anti-dumping duty

21 order, case number A-552-801, imposed a duty of up to 63.88% on

22 the imports of certain frozen fish fillets from Vietnam that

23 entered the U.S. or were withdrawn from a warehouse for

24 consumption on or after January 31, 2003.

25     5.    The specific products covered by this anti-dumping duty

26 order were certain frozen fish fillets of the genus *Pangasius*,

27 including but not limited to the species *Pangasius hypophthalmus*.

28 In the U.S., *Pangasius hypophthalmus* was commonly known as

1  Vietnamese catfish. This species also was known as "basa" in
2  certain seafood markets in the United States.

3      6.   As of July 1, 2004, the Tariff Code for *Pangasius*
4  species became 0304206033. There were separate tariff codes for
5  frozen fillets of "sole," "flounder," "pike," and other "fish
6  fillet," none of which were subject to anti-dumping duties.

7      7.   An importer of record is the individual or entity
8  liable for duties, taxes, and fees on merchandise imported into
9  the United States. The importer of record is responsible for
10 using reasonable care to enter, classify, and determine the value
11 of imported merchandise, and to provide any other information
12 necessary to enable the Department of Homeland Security, Customs
13 and Border Protection ("CBP") to assess duties properly, collect
14 accurate statistics, and determine whether other applicable legal
15 requirements, if any, have been met.

16     8.   An importer may use a customs broker to facilitate
17 entry of the imported product into the U.S. The customs broker
18 relies upon information contained on the invoice, packing list,
19 transportation entry, and manifest that accompanies the product
20 and is typically provided to the broker by the importer of
21 record, to create an entry summary and to determine what duties
22 and tariffs are due and owing on a given import.

23     9.   The customs broker pays, or arranges for the payment
24 of, on behalf of the importer, any duties, taxes, fees, and
25 tariffs due and owing on the imported product, and ordinarily CBP
26 then releases the product to the importer.

27 C.   STATUTORY BACKGROUND

28     1.   The Lacey Act Amendments of 1981, Title 16, United

5

1  States Code, Section 3371 *et seq.* ("the Lacey Act"), make it
2  unlawful for a person to make or submit any false record,
3  account, or label for, or any false identification of, any fish,
4  including frozen fish fillets, that has been, or is intended to
5  be, imported, exported, transported, sold, purchased, or received
6  from any foreign country, or transported in interstate or foreign
7  commerce.  Title 16, United States Code, Section 3372(d).

8      2.    The term "person" for purposes of the Lacey Act
9  includes any individual, partnership, association, corporation,
10 or trust.  Title 16, United States Code, Section 3371(e).

11     3.    The term "import" for purposes of the Lacey Act means
12 to land on, bring into, or introduce into any place subject to
13 the jurisdiction of the United States, whether or not such
14 landing, bringing, or introduction constitutes an importation
15 within the meaning of the customs laws of the United States.
16 Title 16, United States Code, Section 3371(b).

17     4.    The Federal Food Drug and Cosmetic Act, Title 21,
18 United States Code, Section 301 *et seq.* ("FDCA"), prohibits the
19 introduction or delivery for introduction into interstate
20 commerce of any food that is adulterated or misbranded.  Title
21 21, United States Code, Section 331(a).

22     5.    The term "food" for purposes of the FDCA includes
23 articles used for food or drink for man or other animals.  Title
24 21, United States Code, Section 321(f).

25     6.    A food is misbranded if its labeling is false or
26 misleading in any particular.  Title 21, United States Code,
27 Section 343(a)(1).

28     7.    These Introductory Allegations are hereby re-alleged

6

1  and incorporated by reference into each and every count of this

2  Indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT ONE

(18 U.S.C. § 371)

A.    OBJECTS OF THE CONSPIRACY

Between May 2004 and the date of the return of this
Indictment, in Los Angeles County, in the Central District of
California and elsewhere, defendants VIRGINIA STAR SEAFOOD
CORPORATION, BLUE OCEAN SEAFOOD CORPORATION, SILVER SEAS COMPANY,
INTERNATIONAL SEA PRODUCTS CORPORATION, NHAN HUHN DAT (aka HENRY)
NGUYEN, PETER X. LAM, ARTHUR YAVELBERG, CANTHO ANIMAL FISHERY
PRODUCTS PROCESSING EXPORT ENTERPRISE aka CAFATEX, ANHACO, AN
GIANG AGRICULTURAL TECHNOLOGY SERVICE COMPANY aka ANTESCO, BINH
DINH IMPORT EXPORT COMPANY, DAVID S. WONG, TRUE WORLD FOODS,
INC., TAI WAI DAVID CHU, DAKON INTERNATIONAL, HENRY C.D. YIP, and
T.P. COMPANY and others known and unknown to the Grand Jury, did
knowingly conspire and agree to commit the following offenses
against the United States:

1.    to knowingly make and submit a false record, account,
and label for, and a false identification of fish, specifically
Vietnamese catfish, with a market value greater than $350, which
was transported in foreign commerce, imported, and sold, and
imported with intent to sell, in violation of Title 16, United
States Code, Sections 3372(d) and 3373(d)(3)(A);

2.    to knowingly make a false statement in a declaration,
or procure the making of such a false statement, as to a matter
material thereto without reasonable cause to believe the truth of
such statement, in violation of Title 18, United States Code,
Section 542;

3.    to knowingly import and bring into the United States

8

1 merchandise, that is Vietnamese catfish, contrary to law, and to
2 knowingly receive, conceal, buy, sell, and facilitate the
3 transportation, concealment, and sale of such merchandise after
4 importation, knowing it to have been imported and brought into
5 the United States contrary to law, in violation of Title 18,
6 United States Code, Section 545;

7     4.   to knowingly effect an entry of goods, that is
8 Vietnamese catfish, by the payment of less than the amount of
9 duty legally due, in violation of Title 18, United States Code,
10 Section 541;

11     5.   to introduce and deliver for introduction into and to
12 receive in interstate commerce, food, specifically frozen
13 Vietnamese catfish fillets, that is misbranded and adulterated,
14 with the intent to defraud and mislead, in violation of Title 21,
15 United States Code, Sections 331(a) & (c) and 333(a)(2).

16 B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
17     ACCOMPLISHED

18     1.   Defendants VIRGINIA STAR, BLUE OCEAN, SILVER SEAS, ISP,
19 NGUYEN, LAM, YAVELBERG, CAFATEX, ANHACO, ANTESCO, BINH DINH,
20 WONG, TRUE WORLD, CHU, DAKON INTERNATIONAL, YIP, and T.P.
21 COMPANY, and others known and unknown to this grand jury, engaged
22 in a scheme to falsely identify, mislabel, and fraudulently
23 declare certain imports of frozen fillets of *Pangasius*
24 *hypophthalmus*, aka Vietnamese catfish, aka basa ("Vietnamese
25 catfish"), in order to evade anti-dumping duties, and to then
26 market the relatively low-priced frozen fillets in the United
27 States, still falsely labeled.

28     2.   NGUYEN arranged for acquaintances and business

9

1  associates to incorporate seafood import businesses, including
2  but not limited to VIRGINIA STAR and ISP, which NGUYEN would
3  control.

4      3.   NGUYEN arranged for VIRGINIA STAR and ISP in the United
5  States to purchase Vietnamese catfish from his father's company,
6  CAFATEX, and/or its affiliates, in Vietnam.

7      4.   CAFATEX, through its affiliates ANHACO, ANTESCO, and
8  BINH DINH, fraudulently identified and caused to be identified
9  frozen Vietnamese catfish fillets as "sole," "common carp,"
10  "carp," "flounder," "grouper," "conger pike," "mudfish," or
11  "channa," on the invoice, packing list, transportation entry,
12  manifest, certificate of origin, and/or other documents that
13  accompanied the product being shipped to ISP or VIRGINIA STAR.

14      5.   ANHACO, ANTESCO, and BINH DINH would package the frozen
15  Vietnamese catfish fillets in cartons labeled as "sole," "common
16  carp," "carp," "flounder," "grouper," "conger pike," "mudfish,"
17  or "channa" so as to fraudulently conceal the true contents of
18  the cartons.

19      6.   ANHACO, ANTESCO, and BINH DINH would export to, and
20  VIRGINIA STAR and ISP would import into, the United States,
21  through Long Beach, California and elsewhere, the frozen
22  Vietnamese catfish fillets falsely identified and labeled to
23  avoid the anti-dumping duties due on Vietnamese catfish.

24      7.   VIRGINIA STAR and ISP would cause their customs broker,
25  relying on the false information contained in the shipping
26  documents, to generate and submit to CPB in the Central District
27  of California and elsewhere, a false entry summary, and to
28  determine incorrectly the tariff and duties that were due and

1  payable to the United States on the imported product.

2      8.   Between approximately July 2004 and March 2005,
3  VIRGINIA STAR imported through the Central District of California
4  and elsewhere, from ANHACO, ANTESCO and BINH DINH, approximately
5  6.6 million pounds of Vietnamese catfish that was labeled as
6  "sole," "grouper," "flounder," "common carp," "carp," "conger
7  pike," "mudfish," or "channa," all species that are not subject
8  to anti-dumping duties.

9      9.   Between approximately July 2004 and June 2005, ISP
10 imported through the Central District of California and
11 elsewhere, from ANHACO, ANTESCO, and BINH DINH, approximately 4.1
12 million pounds of Vietnamese catfish labeled as "sole,"
13 "grouper," "flounder," "common carp," "carp," "conger pike,"
14 "mudfish," or "channa."

15     10.  Once imported by VIRGINIA STAR and ISP, the product
16 would move freely among VIRGINIA STAR, ISP, BLUE OCEAN and SILVER
17 SEAS and be sold by any of these four companies.

18     11.  NGUYEN, LAM, YAVELBURG, and others working for VIRGINIA
19 STAR, BLUE OCEAN, ISP, and SILVER SEAS, sold, and WONG, CHU, and
20 YIP, among others, purchased, the imported frozen Vietnamese
21 catfish fillets in the United States misidentified as "sole,"
22 "grouper," "flounder," "common carp," "carp," "conger pike,"
23 "mudfish," and/or "channa," as well as "basa," for a lower price
24 than if the duties had been paid.

25     12.  LAM and/or other co-conspirators would tell a purchaser
26 who had specifically ordered *Pangasius hypophthalmus* and/or
27 Vietnamese catfish and/or basa, and who questioned then
28 subsequently received boxes of fish labeled as other species, or

                              11

1  invoices identifying the fish as other species, that, among other
2  things, the other names used were alternative names for what the
3  purchaser had ordered, or that the factory had made an error with
4  the boxes but the contents of the box were in fact Vietnamese
5  catfish that the purchaser had ordered.

6  C.    OVERT ACTS

7       In furtherance of the conspiracy and to accomplish the
8  objects of the conspiracy, the defendants and others, both known
9  and unknown to the Grand Jury, committed various overt acts
10 within the Central District of California and elsewhere,
11 including, but not limited to, the following:

12      1.    On or about October 15, 2003, NGUYEN caused a third
13 party to incorporate VIRGINIA STAR SEAFOOD CORPORATION in the
14 state of Virginia for the purpose of importing falsely labeled
15 Vietnamese Catfish.

16      2.    On or about May 12, 2004, NGUYEN caused a third party
17 to incorporate INTERNATIONAL SEA PRODUCTS CORPORATION in the
18 state of Virginia for the purpose of importing falsely labeled
19 Vietnamese catfish.

20 Imports

21      On or about the dates set forth below, the co-conspirators
22 set forth below imported, as arranged by NGUYEN, approximately
23 the stated amount of Vietnamese catfish in boxes falsely labeled
24 and otherwise falsely identified, as indicated, and caused their
25 customs broker to similarly falsely declare the merchandise in
26 the required Entry Summary:

27
28

12

| Overt Act | Date, Entry Number(s), Port of Entry | Shipper, Importer | Amount Declared, Value | Declared As |
|---|---|---|---|---|
| 3 | 10/23/2004 906-01137921 Los Angeles, CA | ANTESCO VIRGINIA STAR | 33,600 lbs $51,831 | common carp |
| 4 | 10/28/2004 906-00565585 906-00565569 New York, NY | ANTESCO ISP | 67,200 lbs $106,688 | sole |
| 5 | 10/28/2004 906-01137798 Los Angeles, CA | ANTESCO ISP | 33,600 lbs $51,872 | sole |
| 6 | 11/4/2004 906-00568357 906-00568340 New York, NY | ANHACO ISP | 67,200 lbs $106,688 | sole |
| 7 | 11/4/2004 906-00568134 New York, NY | ANTESCO VIRGINIA STAR | 33,600 lbs $53,466 | sole |
| 8 | 11/7/2004 906-04778994 906-04779000 Charleston, SC | ANHACO ISP | 67,200 lbs $100,208 | sole |
| 9 | 11/7/2004 906-04778754 Charleston, SC | ANTESCO VIRGINIA STAR | 33,600 lbs $53,379 | sole |
| 10 | 11/11/2004 906-00568639 New York, NY | ANHACO ISP | 33,600 lbs $51,853 | sole |
| 11 | 11/17/2004 906-01144109 Los Angeles, CA | ANHACO ISP | 35,200 lbs $42,180 | sole |
| 12 | 12/7/2004 906-00573381 New York, NY | ANTESCO ISP | 35,200 lbs $45,157 | sole |
| 13 | 12/27/2004 906-00581327 New York, NY | ANHACO VIRGINIA STAR | 35,200 lbs $40,164 | sole |
| 14 | 12/30/2004 906-01159321 Los Angeles, CA | ANHACO VIRGINIA STAR | 31,680 lbs $40,514 | common carp |

13

| 15 | 12/30/2004 906-01919344 Chicago, IL | ANHACO VIRGINIA STAR | 31,680 lbs $40,483 | sole |
|---|---|---|---|---|
| 16 | 1/6/2005 906-01162127 Los Angeles, CA | ANHACO ISP | 31,680 lbs $40,483 | sole |
| 17 | 1/15/2005 906-02550338 San Francisco, CA | ANHACO VIRGINIA STAR | 31,644 lbs $40,570 | conger pike |
| 18 | 1/27/2005 906-01168744 Los Angeles, CA | ANHACO VIRGINIA STAR | 31,680 lbs $40,483 | sole |
| 19 | 1/27/2005 906-01168736 Los Angeles, CA | ANHACO ISP | 31,680 lbs $40,483 | sole |
| 20 | 2/3/2005 906-01921563 Chicago, IL | ANHACO VIRGINIA STAR | 31,680 lbs $42,031 | sole |
| 21 | 2/27/2005 906-02550916 San Francisco, CA | BINH DINH VIRGINIA STAR | 39,600 lbs $42,040 | conger pike |

Domestic Resales

On or about the dates set forth below, the co-conspirators set forth below sold approximately the stated amount of previously imported Vietnamese catfish in boxes falsely labeled as indicated:

| Overt Act | Date | Salesperson/ Company | Amount, Value | Labeled As |
|---|---|---|---|---|
| 22 | 7/16/2004 | NGUYEN on behalf of BLUE OCEAN to CHU on behalf of DAKON INTERNATIONAL | 5,220 lbs $8,613 | common carp |
| 23 | 8/18/2004 | NGUYEN on behalf of BLUE OCEAN to YIP on behalf of T.P. COMPANY | 39,405 lbs $65,018 | flounder |

14

| 24 | 9/14/2004 | NGUYEN on behalf of BLUE OCEAN to CHU on behalf of DAKON INTERNATIONAL | 43,890 lbs $72,418 | sole |
| 25 | 9/21/2004 | NGUYEN on behalf of BLUE OCEAN to CHU on behalf of DAKON INTERNATIONAL | 43,912 lbs $70,259 | sole |
| 26 | 11/24/2004 | LAM on behalf of VIRGINIA STAR to WONG on behalf of TRUE WORLD | 1,500 lbs $2,475 | sole |
| 27 | 12/10/2004 | LAM on behalf of BLUE OCEAN to WONG on behalf of TRUE WORLD | 42,300 lbs $65,565 | sole |
| 28 | 2/8/2005 | NGUYEN on behalf of BLUE OCEAN to YIP on behalf of T.P. COMPANY | 16,665 lbs $23,331 | conger pike |
| 29 | 2/19/2005 | LAM on behalf of VIRGINIA STAR to WONG on behalf of TRUE WORLD | 23,265 lbs $36,060 | sole |
| 30 | 2/22/2005 | LAM on behalf of VIRGINIA STAR to WONG on behalf of TRUE WORLD | 5,685 lbs $8,527 | sole |
| 31 | 2/24/2005 | NGUYEN on behalf of BLUE OCEAN | 271,169 lbs $371,501 | conger pike, flounder, and common carp |
| 32 | 2/28/2005 | LAM on behalf of VIRGINIA STAR to WONG on behalf of TRUE WORLD | 10,050 lbs $15,577 | sole |
| 33 | 3/9/2005 | NGUYEN on behalf of BLUE OCEAN to YIP on behalf of T.P. COMPANY | 50,578 lbs $70,809 | sole and flounder |
| 34 | 4/19/2005 | LAM on behalf of VIRGINIA STAR | 4,400 lbs $7,260 | common carp |

15

| 35 | 5/1/2005 | LAM on behalf of VIRGINIA STAR to WONG on behalf of TRUE WORLD | 44,985 lbs $69,726 | sole |
|----|----------|---------|---------|---------|
| 36 | 5/4/2005 | YAVELBERG on behalf of SILVER SEAS | 18,000 lbs $27,900 | sole |
| 37 | 6/8/2005 | LAM on behalf of VIRGINIA STAR | 42,000 lbs $66,360 | common carp |
| 38 | 6/10/2005 | LAM on behalf of VIRGINIA STAR | 43,500 lbs $67,425 | sole |
| 39 | 6/14/2005 | LAM on behalf of SILVER SEAS | 44,000 lbs $66,880 | conger pike |
| 40 | 6/15/2005 | YAVELBERG on behalf of SILVER SEAS | 1,100 lbs $1,815 | sole |
| 41 | 6/16/2005 | LAM on behalf of VIRGINIA STAR | 53,284 lbs $84,188 | sole |
| 42 | 6/17/2005 | YAVELBERG on behalf of SILVER SEAS | 41,250 lbs $68,062 | sole |
| 43 | 6/20/2005 | YAVELBERG on behalf of SILVER SEAS | 4,400 lbs $6,600 | sole |

Other Overt Acts

44. On or about November 17, 2004, LAM on behalf of VIRGINIA STAR filled an order for 800 cases of "Catfish Fillet (Basa)" with 800 cases of "Conger pike Fillet," and then represented to the purchaser that "Conger pike Fillet" was the scientific name for basa and that the product sold to the purchaser was basa.

45. On or about January 19, 2005, in relation to a purchase order for "sole fillet (basa enclosed)" sent to LAM at VIRGINIA STAR, VIRGINIA STAR issued an invoice for twenty cases of "sole fillet."

16

46.     On or about January 25, 2005, VIRGINIA STAR entered into a written sales contract with Purchaser A for 300 cases of fish described on the contract as "common carp fillets," although the product was in fact *Pangasius hypophthalmus*, as Purchaser A documented on the written contract with the notation "(Basa Fillet)" before sending the executed contract back to VIRGINIA STAR.

47.     On or about May 25, 2005, YAVELBERG on behalf of SILVER SEAS sold approximately 8,925 pounds of *Pangasius hypophthalmus* to Purchaser B, and then represented to Purchaser B, who had ordered "basa," that while the boxes were mis-marked as sole in Vietnam, they really contained "basa."

17

**COUNTS TWO THROUGH SIX**

[16 U.S.C. §§ 3372(d), 3373(d)(3)(A); 2(b)]

On or about the dates listed below, in the Central District of California and elsewhere, the specified defendants did knowingly make and submit a false record, account, and label for, and a false identification of fish with a market value greater than $350, in that the defendants made and submitted to a customs broker a commercial invoice and related shipping and sale documents, and made labels for the containers of said fish, that identified the fish as common carp, sole, and conger pike, when in truth and in fact, as the defendants then knew, said fish was Vietnamese catfish, said fish having been transported in foreign commerce and imported with intent to sell:

| Count | Defendants | Date(s) | Shipment Entry Numbers | False Labels/ Invoices |
|---|---|---|---|---|
| 2 | ANTESCO VIRGINIA STAR | 10/23/2004 - 11/7/2004 | 906-01137921 906-00568134 906-04778754 | common carp sole |
| 3 | ANTESCO ISP | 10/28/2004 - 12/7/2004 | 906-00565585 906-00565569 906-01137798 906-00573381 | sole |
| 4 | ANHACO ISP | 11/4/2004 - 12/7/2004 | 906-00568357 906-00568340 906-04778994 906-04779000 906-00568639 906-01144109 906-01162127 906-01168736 | sole |
| 5 | ANHACO VIRGINIA STAR | 12/27/2004 - 2/3/2005 | 906-00581327 906-01159321 906-01919344 906-02550338 906-01168744 906-01921563 | sole common carp conger pike |

18

| 6 | BINH DINH VIRGINIA STAR | 2/27/2005 | 906-02550916 | conger pike |
|---|---|---|---|---|

COUNTS SEVEN THROUGH ELEVEN

[18 U.S.C. §§ 542; 2(b)]

On or about the dates listed below, in the Central District of California and elsewhere, the specified defendants did knowingly make a false statement in a declaration, or procure the making of such a false statement, as to a matter material thereto without reasonable cause to believe the truth of such statement. Specifically, on said dates below, defendants submitted, and caused the submission of, an Entry Summary and associated invoices, bills of lading, and other shipping documents, to the Department of Homeland Security, Customs and Border Protection, that falsely described merchandise being imported into the United States as sole, common carp, or conger pike, as specified below, whereas in truth and fact, as defendants well knew, the imported merchandise consisted of Vietnamese catfish:

| Count | Defendants | Date | Entry Summary | Fraudulent Identification |
|-------|------------|------|---------------|---------------------------|
| 7 | ANTESCO, VIRGINIA STAR, NGUYEN | 10/23/2004 – 11/7/2004 | 906-01137921 906-00568134 906-04778754 | common carp sole |
| 8 | ANTESCO, ISP, NGUYEN | 10/28/2004 – 12/7/2004 | 906-00565585 906-00565569 906-01137798 906-00573381 | sole |
| 9 | ANHACO, ISP, NGUYEN | 11/4/2004 – 12/7/2004 | 906-00568357 906-00568340 906-04778994 906-04779000 906-00568639 906-01144109 906-01162127 906-01168736 | sole |

20

| 10 | ANHACO, VIRGINIA STAR, NGUYEN | 12/27/2004 – 2/3/2005 | 906-00581327 906-01159321 906-01919344 906-02550338 906-01168744 906-01921563 | sole common carp conger pike |
| 11 | BINH DINH, VIRGINIA STAR, NGUYEN | 2/27/2005 | 906-02550916 | conger pike |

21

COUNTS TWELVE THROUGH TWENTY

[18 U.S.C. §§ 545; 2(b)]

On or about the dates listed below, in the Central District of California and elsewhere, the specified defendants did knowingly import and bring into the United States, merchandise, that is Vietnamese catfish, contrary to law, that is contrary to Title 18, United States Code, Section 541 (entry of merchandise by the payment of less than the duty legally due), and Title 21 United States Code, Section 331(a) (misbranding of food):

| Count | Defendants | Date | Entry Number(s) Port of Entry | Approximate Amount of Merchandise, Claimed Value |
|-------|------------|------|-------------------------------|--------------------------------------------------|
| 12 | ANTESCO, VIRGINIA STAR | 10/23/2004 | 906-01137921 Los Angeles, CA | 33,600 lbs $51,831 |
| 13 | ANTESCO, ISP | 10/28/2004 | 906-01137798 Los Angeles, CA | 33,600 lbs $51,872 |
| 14 | ANHACO, ISP | 11/17/2004 | 906-01144109 Los Angeles, CA | 35,200 $42,180 |
| 15 | ANHACO, VIRGINIA STAR | 12/30/2004 | 906-01159321 Los Angeles, CA | 31,680 lbs $40,514 |
| 16 | ANHACO, VIRGINIA STAR | 12/30/2004 | 906-01919344 Chicago, IL via San Pedro, CA | 31,680 lbs $40,483 |
| 17 | ANHACO, ISP | 1/06/2005 | 906-01162127 Los Angeles, CA | 31,680 lbs $40,483 |
| 18 | ANHACO, VIRGINIA STAR | 1/27/2005 | 906-01168744 Los Angeles, CA | 31,680 lbs $40,483 |
| 19 | ANHACO, ISP | 1/27/2005 | 906-01168736 Los Angeles, CA | 31,680 lbs $40,483 |
| 20 | ANHACO, VIRGINIA STAR | 2/3/2005 | 906-01921563 Chicago, IL via San Pedro, CA | 31,680 lbs $42,031 |

22

COUNTS TWENTY-ONE THROUGH TWENTY-FIVE

[18 U.S.C. §§ 545; 2(b)]

On the dates listed below, the specified defendants did knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise after importation, specifically Vietnamese catfish in the quantities and values set forth below, knowing it to have been imported and brought into the United States through the Central District of California and elsewhere, contrary to law, namely, contrary to Title 18, United States Code, Section 541 (entry of merchandise by the payment of less than the duty legally due), and Title 21 United States Code, Section 331(a) (misbranding of food):

| Count | Defendants | Date(s) | Amount, Value |
|-------|-----------|---------|---------------|
| 21 | NGUYEN, BLUE OCEAN, YIP, T.P. COMPANY | 8/18/2004 - 3/9/2005 | 106,648 lbs $159,158 |
| 22 | LAM, VIRGINIA STAR, WONG, TRUE WORLD | 11/24/2004 - 5/1/2005 | 85,485 lbs $132,365 |
| 23 | LAM, BLUE OCEAN, WONG, TRUE WORLD | 12/10/2004 | 42,300 lbs $65,565 |
| 24 | LAM, VIRGINIA STAR | 4/19/2005 - 6/16/2005 | 143,184 lbs $225,233 |
| 25 | YAVELBERG, SILVER SEAS | 5/4/2005 - 6/20/2005 | 64,750 lbs $104,377 |

23

1

COUNT TWENTY-SIX

2

[18 U.S.C. §§ 545; 2(b)]

3      Between on our about July 5 and July 13, 2005, defendants
4   NGUYEN, VIRGINIA STAR, and ISP, did knowingly conceal, sell, and
5   facilitate the transportation, concealment, and sale of
6   merchandise after importation, specifically approximately twenty-
7   three containers, or over 690,000 pounds, of Vietnamese catfish,
8   knowing it to have been imported and brought into the United
9   States, through the Central District of California and elsewhere,
10   contrary to law, namely, contrary to Title 18, United States Code,
11   Section 541, and Title 21 United States Code, Section 331(a).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

1 | COUNT TWENTY-SEVEN

2 | (NOTICE OF FORFEITURE)

3 | [(16 U.S.C. § 1540(e)(4)(A), (5); 18 U.S.C. §§ 981(a)(1)(C),

4 | 982(a)(2)(B), (b)(1))]

5 |     1.   Counts One through Twenty-Six of this Indictment are

6 | hereby realleged and incorporated by reference for the purpose of

7 | alleging forfeitures to the United States pursuant to the

8 | provisions of Title 18, United States Code, Sections 545, 981(a),

9 | 982(a); Title 28, United States Code, Section 2461(c); and Title

10 | 16, United States Code, Section 3374(a).

11 |     2.   Upon conviction of the violations alleged in Counts One

12 | through Twenty-Six of this Indictment, and pursuant to Title 18,

13 | United States Code, Sections 981(a)(1)(C), 982(a)(1), (a)(2)(B)

14 | and (b)(1); Title 28, United States Code, Section 2461(c); and

15 | Title 16, United States Code, Section 3374(a), the defendants,

16 | VIRGINIA STAR SEAFOOD CORPORATION, INTERNATIONAL SEA PRODUCTS

17 | CORPORATION, SILVER SEAS COMPANY, BLUE OCEAN SEAFOOD CORPORATION,

18 | NAHN HUHN DAT (aka HENRY) NGUYEN, PETER X. LAM, ARTHUR YAVELBERG,

19 | CANTHO ANIMAL FISHERY PRODUCTS PROCESSING EXPORT ENTERPRISE aka

20 | CAFATEX, ANHACO, ANGIANG AGRICULTURAL TECHNOLOGY SERVICE COMPANY

21 | aka ANTESCO, BINH DINH IMPORT EXPORT COMPANY, DAVID S. WONG, TRUE

22 | WORLD FOODS, INC., TAI WAI DAVID CHU, DAKON INTERNATIONAL, HENRY

23 | C.D. YIP, and T.P. COMPANY shall forfeit to the United States any

24 | and all of the fish identified in Counts One through Twenty-Six,

25 | namely, at least 10.7 million pounds of Vietnamese catfish, as a

26 | result of the defendants conspiring to violate Title 18, United

27 | States Code, Sections 541, 542, and 545 and Title 16, United

28 | States Code, Sections 3372(d), 3374(d)(3)(A) and Title 21, United

25

1 │ any and all interest that the defendants have in other property

2 │ shall be forfeited to the United States up to the value of the

3 │ fish of at least $16,000,000.00.

4

5                                    A TRUE BILL

6

7                                    Foreperson

8

9 │ GEORGE S. CARDONA
   │ Acting United States Attorney
10

11

12 │ DANIEL S. GOODMAN
    │ Assistant United States Attorney
13 │ Acting Chief, Criminal Division

14
    │ MARY DEE CARRAWAY
15 │ Trial Attorney
    │ ELINOR COLBOURN
16 │ Senior Trial Attorney
    │ United States Department of Justice
17 │ Environment and Natural Resources Division
    │ Environmental Crimes Section
18

19 │ JOSEPH O. JOHNS
    │ Assistant United States Attorney
20 │ Chief, Environmental Crimes Section
    │ SARAH J. HEIDEL
21 │ Assistant United States Attorney
    │ Environmental Crimes Section
22

23

24

25

26

27

28

                                    27